■ EDWARD R. SCHLUTER, Appellant-Respondent, v. EDNA K. SUTTON et al., Constituting the Board of Education of Union Free School District No. 17, Town of Oyster Bay, Nassau County, Respondents-Appellants.— In an action in the County Court, Nassau County, to recover the balance of the agreed price for work, labor, and services rendered in constructing two baseball diamonds on school district property, a counterclaim was interposed to recover money paid on account thereof. Plaintiff appeals from so much of an order as dismissed the complaint for failure to comply with section 3813 of the Education Law. Defendants appeal from so much of the same order as denied their cross motion for summary judgment on the counterclaim. Defendants' cross motion was made on a contention that there was but a single contract and that it is illegal under section 103 of the General Municipal Law. The County Court held in respect to the counterclaim that questions of fact are presented which cannot be summarily determined upon the affidavits submitted. Order unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ FRANK SPIEZIA, Appellant, v. BEACH 51ST STREET REALTY CORP., Respondent.— In an action to recover damages for personal injuries, the appeal is from a judgment dismissing the complaint after trial by the court without a jury. Respondent orally engaged appellant to paint the trim on 10 bungalows owned by it at $16 for each. Respondent furnished the paint and paint thinner and permitted appellant to use a ladder left by a roofing company which had recently completed repairs on the roofs of the bungalows. Appellant attached a burlap bag, furnished by respondent, to a hook which appellant had inserted in an attic window frame near the peak of one of the bungalows. He held on to the bag with one hand while he used a paintbush with the other. He was injured when the bag tore and he was precipitated to the ground from the roof of the porch on which he had been standing. The trial court found that respondent had furnished the burlap bag to be used only as a dropcloth to catch paint drippings. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [See *post,* p. 836.]

■ VENDALL, INC., Respondent, v. ALMA BRISCOE, Appellant, and DADSON INVESTORS, INC., Respondent, et al., Defendants.— In an action to foreclose a mortgage on real property, the appeals are (1) from an order denying appellant's motion to open her default and to vacate the judgment, and (2) from an order granting a motion for an order of assistance. Orders affirmed, without costs. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ JANET WALDMANN, on Behalf of BARBARA ANTMAN and Another, Infants, Appellant, v. GERALD ANTMAN, Respondent.— Appeal from so much of an order of the Domestic Relations Court of the City of New York, Family Court Division, Queens County, as directs respondent to pay to appellant, his former wife, $15 a week for the support of their two infant children. Order modified by increasing the award from $15 to $20 a week. As so modified, order unanimously affirmed, without costs. In our opinion, the children's needs and respondent's earnings warrant the increase. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ ED. C. WRIGHT, Respondent, v. NATHANIEL L. BEDFORD, Appellant.— In an action on a judgment recovered in the State of Florida, the appeal is from an order denying a motion to dismiss the complaint on the ground that the cause of action is barred by the Statute of Limitations. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.